**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| RAI CREDIT LLC, *formerly known as* RAI CREDIT CORPORATION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>WEISERMAZARS LLP, *formerly known as* )<br>WEISER LLP, JOHN K. HARRIS,  )<br>CHARLES R. HARRIS, JR., and BOBBIE  )<br>MICKEY,  )<br>)<br>Defendants.  )<br>                                                        ) | No. 2:12-cv-03530-DCN<br><br><br><br><br>**ORDER** |

   This matter is before the court on a Report and Recommendation (R&R) by the magistrate judge regarding a motion to dismiss or, in the alternative, to transfer venue brought by defendant WeiserMazars LLP (WeiserMazars). The magistrate judge recommends that the court deny the motion to dismiss without prejudice but transfer this case to the District of New Jersey. Plaintiff RAI Credit LLC (RAI Credit) filed objections to the R&R. For the reasons that follow, the court dismisses this case for lack of subject matter jurisdiction and finds as moot plaintiff's objections to the R&R.

### I.  BACKGROUND

   The magistrate judge's R&R provides a comprehensive summary of the procedural history and factual allegations in this case. Briefly stated, plaintiff alleges as follows: RAI Credit is a financial lender that is incorporated in New Jersey. Compl. ¶ 1. In January 2002, it agreed to lend $7 million through a revolving credit line to two companies that are not parties to this case. Id. ¶ 10. The companies that received the loans are subsidiaries of JKH Holding, LLC (JKH Holding), another non-party. Id. ¶ 9.

1

The individual defendants John K. Harris and Charles R. Harris were guarantors under the Lending Agreement. Id. ¶ 11.

Defendant WeiserMazars, a New York corporation, prepared financial statements for JKH Holding and its subsidiaries prior to execution of the Lending Agreement and for several years afterwards. Id. ¶¶ 2, 15. According to plaintiff, WeiserMazars made a variety of accounting errors when preparing the financial statements. RAI Credit alleges that it relied on these financial statements to its detriment. Id. ¶¶ 25, 32, 36, 41. Plaintiff also alleges that the individual defendants borrowed money from the subsidiary companies but the debt was essentially "wiped away," with no actual value being remitted to the subsidiaries. See id. ¶ 21 (alleging that the individual defendants used one of the subsidiary companies "as their personal financial playground").

Plaintiff alleges that in 2012, it learned of the unlawful actions taken by defendants when it reviewed depositions in a bankruptcy case filed in 2011 by one of the subsidiary companies. Plaintiff brings state law claims against defendants for negligence/gross negligence, negligent misrepresentation, and civil conspiracy.

In his R&R, the magistrate judge found that under South Carolina's choice-of-law rules, New Jersey substantive law governs this case because the injury alleged by plaintiff occurred in New Jersey.[1] R&R 6. Alternatively, even if New Jersey's choice-of-law rules applied, the magistrate judge still found that New Jersey substantive law would govern. Id. at 8. Having determined that New Jersey substantive law applies, the

---

[1] "Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the lex loci delicti, the law of the state in which the injury occurred." Boone v. Boone, 546 S.E.2d 191, 193 (S.C. 2001).

magistrate judge recommended that this case be transferred to the District of New Jersey for the convenience of parties and witnesses and in the interests of justice. Id. at 10.

On July 8, 2013, the court held a hearing on plaintiff's objections to the R&R. At the hearing, the court raised the issue of whether this court has subject matter jurisdiction based on diversity of citizenship.[2] Pursuant to the court's directive, on July 16, 2013, counsel for RAI Credit provided the court with a summary of the citizenship of RAI Credit's members.

## II.  DISCUSSION

As a court of limited jurisdiction, the district court has an obligation to satisfy itself of its own jurisdiction. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593 (2004); Stephens v. Cnty. of Albemarle, 524 F.3d 485, 490 (4th Cir. 2008). "Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010).

Plaintiff alleges federal subject matter jurisdiction based on diversity of citizenship. See Compl. ¶ 6 (citing 28 U.S.C. § 1332(a)) (alleging that "the plaintiff and defendants are all citizens of different states"). In its complaint, RAI Credit alleges it is a New Jersey corporation. Id. ¶ 1. Yet, for purposes of diversity jurisdiction, a limited liability company such as RAI Credit is a citizen of each state in which its members are citizens. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004); JBG/JER Shady Grove, LLC v. Eastman Kodak Co., 127 F. Supp. 2d 700, 701 (D. Md. 2001). In his letter to the court, plaintiff's counsel has advised that RAI Credit's

---

[2] The jurisdictional issue was first raised by the magistrate judge in his R&R. See R&R 1 & n.1.

members are domiciled in New York, New Jersey, Maryland, Florida, and California. Defendant WeiserMazars is a limited liability partnership. For purposes of diversity jurisdiction, a limited liability partnership is a citizen of each state in which its partners are citizens. See Moreno Energy, Inc. v. Marathon Oil Co., 884 F. Supp. 2d 577, 580 (S.D. Tex. 2012) ("It is black letter law that diversity jurisdiction in a case involving a limited partnership or limited liability partnership is based on the citizenship of all members of the partnership."). WeiserMazars has partners in New York and New Jersey, among other states. See Kathryn Byrne Aff. ¶ 4, ECF No. 43-1. The individual defendants are citizens of South Carolina and Tennessee.[3]

"A party seeking to invoke diversity jurisdiction has the burden of showing *complete* diversity of citizenship." Hardaway v. Checkers Drive-In Rests., Inc., 483 F. App'x 854, 854 (4th Cir. 2012) (emphasis added). The evidence shows that complete diversity of citizenship does not exist, as plaintiff RAI Credit and defendant WeiserMazars are considered citizens of two of the same states—New York *and* New Jersey. Therefore, this court lacks subject matter jurisdiction, and the action must be dismissed.

### III.   CONCLUSION

Based on plaintiff's failure to establish federal jurisdiction, the court **DISMISSES** plaintiff's complaint. The court additionally **FINDS AS MOOT** plaintiff's objections to the R&R.

**AND IT IS SO ORDERED**.

---

[3] The magistrate judge determined that the individual defendants are essentially nominal defendants. See R&R 16 (finding "it is the Defendant WeiserMazars who in all likelihood would be required to pay any damage amount in this case").

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 17, 2013**
**Charleston, South Carolina**